COATES v ATTORNEY GENERAL (SUPPLEMENTAL OPINION)

Docket No. 57191. Submitted April 19, 1982, at Lansing.—Decided June 7, 1983. Leave to appeal denied, 418 Mich 856.

James M. Coates, Jr., submitted proposed articles of incorporation of Fireman's Fund Insurance Company of Michigan (hereinafter Fireman's) to the Insurance Commissioner for review by the commissioner and the Attorney General. Fireman's sought to operate as a Michigan subsidiary of the American Insurance Group. Applications for incorporation of proposed domestic insurance companies are submitted to the Attorney General, who is to advise the Insurance Commissioner whether the proposed articles of incorporation are in compliance with the Insurance Code. The Insurance Commissioner may then make whatever investigation is deemed necessary and determine whether or not to issue a certificate authorizing the incorporators to proceed with organization of the company. While Coates's application was pending the Attorney General issued an opinion holding that the Insurance Commissioner may refuse to accept the articles of incorporation of a proposed domestic insurance company where the purpose of incorporation in Michigan is to avoid the tax on premiums imposed on foreign insurers. Then, the Attorney General informed the Insurance Commissioner that he would not approve Fireman's proposed articles of incorporation for the reasons expressed in that opinion. Coates then filed an original action for mandamus, in the Court of Appeals, seeking to compel the Attorney General to certify that the articles comply with the Insurance Code and the Insurance Commissioner to authorize the incorporators to proceed with organization. The Court of Appeals held that mandamus was an appropriate remedy as to the Attorney General because the Attorney General had breached a clear legal duty but that mandamus was not an appropriate remedy against the Insurance Commissioner unless and until the commissioner breached a clear legal duty to act. The commissioner's duty to act on the application would not arise until the

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 18 Am Jur 2d, Corporations § 24 et seq.
43 Am Jur 2d, Insurance §§ 22, 23.

Attorney General certified the articles. Mandamus was granted against the Attorney General, 120 Mich App 816 (1982). A motion for clarification was filed jointly by all parties. The motion for clarification was granted for the limited purpose of answering the following questions: (1) may the commissioner, prior to permitting incorporation, conduct an investigation into the business or other motivation for incorporation and may the commissioner base a decision to deny incorporation on a finding, if made, of tax avoidance motivation and (2) does the commissioner have authority to conduct an investigation to determine if the proposed domestic insurer is merely a sham designed to permit it to enjoy tax advantages intended only for true domestic insurers. *Held:*

1. The commissioner may not, prior to permitting incorporation, conduct an investigation into the business or other motivation for incorporation nor base a decision to deny incorporation on a finding of tax avoidance motivation.

2. The commissioner has authority to conduct an investigation to determine if the proposed domestic insurer is merely a sham designed to permit it to enjoy tax advantages intended only for true domestic insurers but only for the purpose of determining whether fraud is involved. The only basis for refusal to license incorporators to proceed with the organization of an insurance company is to prevent fraud upon either the persons subscribing to the capital stock or the members of the corporation. If fraud is not found, the commissioner is directed by statute to issue a certificate authorizing the incorporators to proceed with their organization efforts.

CYNAR, J., dissented. He would answer both questions in the affirmative without any qualification.

OPINION OF THE COURT

1. INSURANCE — CORPORATIONS — INSURANCE COMMISSIONER.

The Insurance Commissioner may not, prior to permitting incorporation of an insurance company, conduct an investigation into the business or other motivation for incorporation nor base a decision to deny incorporation on a finding of tax avoidance motivation.

2. INSURANCE — CORPORATIONS — INSURANCE COMMISSIONER.

The Insurance Commissioner is empowered to refuse to license incorporators to organize an insurance company only to prevent fraud upon either the persons subscribing to the capital stock or the members of the corporation; in the absence of fraud, the commissioner must issue a certificate authorizing the

incorporators to proceed with their organization efforts; the Insurance Code makes no provision for the commissioner to withhold certification based on the diminution of tax revenues to the state resulting from incorporation as a domestic, rather than a foreign, insurance company (MCL 500.5024; MSA 24.15024).

### Dissent by Cynar, J.

3. Insurance — Corporations — Insurance Commissioner.

*The Insurance Commissioner may, prior to permitting incorporation of an insurance company, conduct an investigation into the business or other motivation for incorporation and may base a decision to deny incorporation on a finding of tax avoidance motivation.*

4. Insurance — Corporations — Insurance Commissioner.

*The Insurance Commissioner has authority to conduct an investigation to determine whether a proposed domestic insurer is merely a sham designed to permit it to enjoy tax advantages intended only for true domestic insurers.*

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Donald S. Young* and *M. Teresa D'Arms),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Harry G. Iwasko, Jr., Wallace T. Hart,* and *William A. Chenoweth,* Assistants Attorney General, for defendant.

### Supplemental Opinion

Before: M. J. Kelly, P.J., and Cynar and G. R. Cook,* JJ.

Per Curiam. In this cause a motion for clarification of the Court's opinion released November 2,

* Circuit judge, sitting on the Court of Appeals by assignment.

1982, was filed jointly by all parties, and due consideration thereof was had by the Court.

The motion for clarification was granted for the limited purpose of answering the following questions. Otherwise the motion for clarification was denied.

*Question No. 1:*

May the Insurance Commissioner, on receipt of plaintiff's articles of incorporation from the Attorney General in accordance with this Court's mandamus, conduct an investigation, prior to permitting incorporation, into matters not expressly specified by MCL 500.5024; MSA 24.15024 or MCL 500.5040; MSA 24.15040, *viz.,* the business or other motivation for incorporation, and may the Insurance Commissioner base a decision to deny incorporation on a finding, if made, of tax avoidance motivation?

The presently constituted majority answers this question in the negative.

*Question No. 2:*

Does the Insurance Commissioner have authority to conduct an investigation to determine if the proposed domestic insurer is merely a sham designed to permit it to enjoy tax advantages intended only for true domestic insurers?

The presently constituted majority answers this question in the affirmative but subject to the limitations as expressed in the concurring opinion previously issued.

CYNAR, J. *(dissenting).* I respectfully dissent. I would answer Question No. 1 in the affirmative. Further, I would answer Question No. 2 in the affirmative without any qualification.